**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE LLP**
Michael J. Saltz, Esq. SBN 189751 [msaltz@jrsnd.com]
Colby A. Petersen, Esq. SBN 274387 [cpetersen@jrsnd.com]
1880 Century Park East, Suite 900
Los Angeles, CA 90067
Telephone: (310) 446-9900
Fax: (310) 446-9909

Attorneys for Defendant On-Site Manager, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JONES, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>ON-SITE MANAGER, INC., a California corporation; QUALFAX, INC., a California corporation; KIPLING VILLAGE, LLC,  a Colorado limited liability company, and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: 5:17-cv-01437-BLF<br><br>**DEFENDANT ON-SITE MANAGER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO *FED. R. CIV. PROC.* 12(b)(6); DECLARATION OF MICHAEL J. SALTZ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Complaint filed: June 21, 2016<br><br>Hearing Date:  August 24, 2017<br>Time:          9:00 a.m.<br>Courtroom.:    3<br>Judge:         Hon. Beth Labson Freeman |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 24, 2017 at 9:00 a.m. or as soon as this matter may be heard in Courtroom 3 of the above-entitled court, Defendant On-

*(margin text, left side)* JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP · 1880 Century Park East, Suite 900 · Los Angeles, California  90067 · Tel. 310.446.9900 • Fax 310.446.9909

Site Manager, Inc. ("On-Site") will move the Court for an Order dismissing certain causes of action in the Complaint in this matter.

Specifically, Defendant On-Site will move this Court to dismiss the following causes of action:

The Third Cause of Action for violation of 15 USC § 1681i for failure to state a claim, as On-Site is only a reseller of information and is expressly exempt from the reinvestigation procedures pursuant to 15 USC § 1681i(f);

The Fourth Cause of Action for violation of 15 USC § 1681c for failure to state a claim, as the subject Rental Report, referenced by Plaintiff in his Complaint, specifically acknowledges that the information does not support Plaintiff's claim that the reported information was reported beyond the statutorily allowed period; and

The Seventh Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-105.3 for failure to state a claim as this code section is preempted by Federal law;

The Ninth Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-106 for failure to state a claim as Plaintiff fails to allege that Defendant maintains files, as is required under said code section.

The Tenth Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-104 for failure to state a claim as Plaintiff fails to allege that Defendant maintains files, as is required under said code section.

The motion will be made under *Fed. R. Civ. Proc.* 12(b)(6) and is based on the fact that Plaintiff has failed to state a proper claim for relief on the aforementioned causes of action.

///

///

///

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

1   The motion will be based on the memorandum of points and authorities, the

2   records on file in this action, those matters of which this Court may and must take

3   judicial notice, and any further evidence and argument that may be presented at the

4   hearing on this motion.

5

6

7   DATED: July 17, 2017                **JACOBSON RUSSELL SALTZ**
                                        **NASSIM & DE LE TORRE LLP**
8

9                                       By:   /s/ Michael J. Saltz

10                                            Michael Saltz
                                              Attorneys for Defendant
11                                            ON-SITE MANAGER, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel: 310.446.9900 • Fax 310.446.9909

**MOTION**

PLEASE TAKE NOTICE that on August 24, 2017 at 9:00 a.m. or as soon as this matter may be heard in Courtroom 3 of the above-entitled court, Defendant On-Site Manager, Inc. ("On-Site") will and hereby does move the Court for an Order dismissing certain causes of action in the Complaint in this matter.

Specifically, Defendant On-Site moves this Court to dismiss the following causes of action:

The Third Cause of Action for violation of 15 USC § 1681i for failure to state a claim, as On-Site is only a reseller of information and is expressly exempt from the reinvestigation procedures pursuant to 15 USC § 1681i(f);

The Fourth Cause of Action for violation of 15 USC § 1681c for failure to state a claim, as the subject Rental Report, referenced by Plaintiff in his Complaint, specifically acknowledges that the information does not support Plaintiff's claim that the reported information was reported beyond the statutorily allowed period; and

The Seventh Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-105.3 for failure to state a claim as this code section is preempted by Federal law;

The Ninth Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-106 for failure to state a claim as Plaintiff fails to allege that Defendant maintains files, as is required under said code section.

The Tenth Cause of Action for violation of Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-104 for failure to state a claim as Plaintiff fails to allege that Defendant maintains files, as is required under said code section.

The motion is made under *Fed. R. Civ. Proc.* 12(b)(6) and is based on the fact that Plaintiff has failed to state a proper claim for relief on the aforementioned causes of action.

The motion will be based on the memorandum of points and authorities, the records on file in this action, those matters of which this Court may and must take

1 judicial notice, and any further evidence and argument that may be presented at the

2 hearing on this motion.

3

4 DATED: July 17, 2017                     **JACOBSON RUSSELL SALTZ**

5                                          **NASSIM & DE LE TORRE LLP**

6                                          By:    /s/ Michael J. Saltz

7                                                 Michael Saltz

8                                                 Attorneys for Defendant
                                                  ON-SITE MANAGER, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1

## <u>TABLE OF CONTENTS</u>

1.    INTRODUCTION ................................................................................1

2.    ARGUMENT ......................................................................................2

   A.    STANDARD OF LAW .................................................................2

        1)    Motion To Dismiss ...........................................................2

        2)    Reference To Documents Outside The Complaint.......................2

   B.    THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM
         UPON WHICH RELIEF MAY BE GRANTED ...................................3

   C.    FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM
         UPON WHICH RELIEF MAY BE GRANTED ...................................6

   D.    SEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM
         UPON WHICH RELIEF MAY BE GRANTED ...................................7

   E.    PLAINTIFF'S NINTH AND TENTH CAUSES OF ACTION
         FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE
         GRANTED ...............................................................................11

3.    CONCLUSION ................................................................................12

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

## **TABLE OF AUTHORITIES**

Cases

*Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) ...........................2

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1990) ............................2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)...............................................2

*Davis v. HSBC Bank*  691 F.3d 1152 (9th Cir. 2012) .................................................3

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005).........................................................3

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) ...........................................3

*Nat'l Fair Hous. Alliance v. A.G. Spanos Constr., Inc.,*

    542 F.Supp.2d 1054 (N.D. Cal. 2008)..........................................................2

*RDF Media Ltd. v. Fox Broad. Co.,* 372 F.Supp.2d 556 (C.D. Cal. 2005)................2

*Simon v. DIRECTV, Inc.,*

    2010 U.S. Dist. LEXIS 35940 (D. Colo. Mar. 19, 2010)....................8, 10, 11

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)........................................3, 5, 6

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002)..................3


Statutes

15 U.S.C. § 1681c ................................................................................................1, 7, 9

15 U.S.C. § 1681i....................................................................................................1, 4

15 U.S.C. § 1681i(a) .........................................................................................3, 4, 5, 6

15 U.S.C. § 1681i(f)(1)......................................................................................4, 5, 6

15 U.S.C. § 1681t(b)(1)(E) .......................................................................................9

15 U.S.C. 1681a(u) ...................................................................................................4

Colorado Revised Statute § 12-14.3-102(6) ....................................................11, 12

Colorado Revised Statute § 12-14.3-104................................................................11

Colorado Revised Statute § 12-14.3-105.3......................................................passim

Colorado Revised Statute § 12-14.3-105.3(1)(a)..........................................................8

Colorado Revised Statute § 12-14.3-105.3(1)(d) ........................................................8

Colorado Revised Statute § 12-14.3-105.3(1)(e)......................................................8, 9

Colorado Revised Statute § 12-14.3-106................................................................11

<u>Rules</u>

*Fed. R. Civ. P.*, Rule 12(b)(6) ......................................................................................1

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

Plaintiff Michael Jones is an individual who resides in the State of Colorado. [Complaint, Docket No. ("DN") 1, ¶ 7]. According to the allegations in the operative Complaint, Mr. Jones applied in June 2014 for residence at former Defendant Kipling Village, LLC apartments ("Kipling"). [*Id.*, at ¶ 8]. Kipling is allegedly managed by former Defendant Qualfax, Inc. ("Qualfax")[1]. [*Id.*, at ¶ 9].

It is alleged that Qualfax requested and received a consumer report from Defendant On-Site Manager, Inc. ("On-Site") on Mr. Jones. [*Id.*, at ¶¶ 10, 13]. Based upon the information in that report, Qualfax denied Mr. Jones' application. [*Id.*, at ¶ 15]. Plaintiff Jones now comes before this Court alleging that Defendant On-Site, by its alleged reporting of consumer information about Mr. Jones, has among other things, violated the reinvestigation requirements under the Fair Credit Reporting Act, 15 U.S.C. § 1681i (Third Cause of Action); reported untimely information under 15 U.S.C. § 1681c (Fourth Cause of Action); reported untimely information in violation of Colorado Revised Statute ("C.R.S.") § 12-14.3-105.3(1)(a), (d), and (e) (Seventh Cause of Action); failed to conduct a reinvestigation following notice from a consumer in violation of C.R.S. § 12-14.3-106 (Ninth Cause of Action); and failed to disclose a consumer's file upon request in violation of C.R.S. § 12-14.3-104 (Tenth Cause of Action). [See DN 1].

However, for these specific causes of action, through a review of both the subject consumer credit report and related state and Federal statutes, this Court will find that Plaintiff has failed to state claims upon which relief may be granted. By way of preemption and facts subject to review by this Court, this Court should grant the

---

[1] Defendants Kipling Village, LLC and Qualfax, Inc. were dismissed with prejudice following a stipulated order entered on April 25, 2017, Docket No. 39.

present Motion to Dismiss and deny Plaintiff the ability to amend his Third, Fourth, Seventh, Ninth and Tenth Causes of Action.

## 2. ARGUMENT

### A. STANDARD OF LAW

#### 1) Motion To Dismiss

Dismissal of a complaint or claim pursuant to *Fed. R. Civ. P.*, Rule 12(b)(6) is required "if the plaintiff is unable to articulate 'enough facts to state a claim to relief that is plausible on its face.'" [*Nat'l Fair Hous. Alliance v. A.G. Spanos Constr., Inc.,* 542 F.Supp.2d 1054, 1060 (N.D. Cal. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007)]. A Rule 12(b)(6) motion should be granted where the complaint either lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. [*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)].

Although for purposes of a motion to dismiss the court should generally assume the truth of the Complaint's allegations, "a court need not accept as true unreasonable inferences or conclusory legal allegations." [*RDF Media Ltd. v. Fox Broad. Co.,* 372 F.Supp.2d 556, 561 (C.D. Cal. 2005)]. In addition, "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly,* 127 S. Ct. at 1964-65].

"Leave need not be granted where the amendment [] would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." [*Ascon Prop., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted)].

#### 2) Reference To Documents Outside The Complaint

In addition to the standard on a Motion to Dismiss under FRCP 12(b)(6), the Court may consider matters of public record without converting the motion into a

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel: 310.446.9900 • Fax 310.446.9909

1   request for summary judgment. [*See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th
2   Cir. 2001)].

3          Specifically, *Davis v. HSBC Bank*, 691 F.3d 1152 (9th Cir. 2012) describes that
4   "[u]nder the 'incorporation by reference' doctrine in this Circuit, 'a court may look
5   beyond the pleadings without converting the Rule 12(b)(6) motion into one for
6   summary judgment.'" [*Davis v. HSBC Bank*, 691 F.3d 1152, 1159-1160 (9th Cir.
7   2012); citing *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir.
8   2002)]. As such, "courts may take into account 'documents whose contents are alleged
9   in a complaint and whose authenticity no party questions, but which are not physically
10  attached to the [plaintiff's] pleading." [*Id.*, citing *Knievel v. ESPN*, 393 F.3d 1068,
11  1076 (9th Cir. 2005), (alteration in original) (internal citation and quotation marks
12  omitted)]. A court "may treat such a document as part of the complaint, and thus may
13  assume that its contents are true for purposes of a motion to dismiss under Rule
14  12(b)(6)." [*Id.*, citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)].

15         The defendant may offer such a document, and the district court may treat such
16  a document as part of the complaint, and thus may assume that its contents are true for
17  purposes of a motion to dismiss under Rule 12(b)(6). [*Lee v. City of Los Angeles,* 250
18  F.3d 668, 689 (9th Cir. 2001)].

19  ## B. THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM UPON
20  ## WHICH RELIEF MAY BE GRANTED

21         The operative complaint claims that Mr. Jones disputed the information in his
22  report directly to On-Site and that On-Site failed to perform any re-investigation of his
23  dispute under 15 U.S.C. § 1681i(a). [DN 1, ¶ 47]. Plaintiff's cause of action therefore
24  requires sufficient allegations that Defendant On-Site is subject to the requirements
25  stated under 15 U.S.C. § 1681i(a). Plaintiff has failed to meet this burden.

26         Specifically, 15 USC § 1681i(a) requires that "if the completeness or accuracy
27  of any item of information contained in a consumer's **file at a consumer reporting**
28  **agency** is disputed by the consumer and the consumer notifies **the agency** directly, or

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel: 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation…." [*See* 15 U.S.C. § 1681i(a) (emph. added)].

Express in this statute is the requirement that the allegedly disputed information be contained "in a consumer's file" at the consumer reporting agency to be notified. [*Id*]. This distinction is critically important as it determines whether or not a consumer reporting agency may be liable for failure to reinvestigate, and later change, information contained within its own files.

There are however, exceptions to the duty to reinvestigate under 15 USC § 1681i. Under 15 U.S.C. § 1681i(f)(1), resellers of information are expressly exempted from the reinvestigation requirements, stating; "Exemption from general reinvestigation requirement. Except as provided in paragraph (2), a reseller shall be exempt from the requirements of this section." Under 15 U.S.C. § 1681a(u), a reseller is defined as:

(u)Reseller.—The term "reseller" means a consumer reporting agency that—

> (1) assembles and merges information **contained in the database of another consumer reporting agency** or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and

> (2) **does not maintain a database of the assembled or merged information** from which new consumer reports are produced.

[*See* 15 U.S.C. 1681a(u) (*emph. added*)].

Therefore, the distinction between a credit reporting agency and a reseller is critical to Plaintiff's claim of a duty to reinvestigate under 15 U.S.C. § 1681i(a). A consumer credit reporting agency that maintains a database is subject to reinvestigation requirements, and a reseller that does not maintain a database, is exempted from the duty to reinvestigate under 15 U.S.C. § 1681i(a). Therefore, in order to accurately and

appropriately put Defendant on notice of the cause of action against it, Plaintiff must allege whether the information to be disputed is "contained in a consumer's file at a consumer reporting agency", as the distinction will determine whether Defendant is even subject to liability.

Plaintiff fails to make any allegation regarding this crucial element as to Defendant On-Site and therefore fails to properly allege his claim under 15 U.S.C. § 1681i(a).

The distinction is not only important from a pleading sense, it has important bearing on this case. Specifically, the report referenced throughout Plaintiff's Complaint, and upon which Plaintiff makes the entirety of his allegations against Defendant On-Site, identifies that the allegedly disputed information is all reported "From Experian", a well-known credit reporting agency. [*See* Decl. of Michael J. Saltz, Esq., ¶ 2, **Exhibit "1"**]. As Plaintiff repeatedly and throughout the complaint references the subject report as the basis for each of his claims against Defendant On-Site, this Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." [*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)].

Importantly, the reference in the subject report that the information disputed by Plaintiff is in fact, "From Experian", calls into question whether On-Site is subject to 15 USC § 1681i(a) as a consumer reporting agency, or whether On-Site is simply a reseller exempted from the reinvestigation requirements pursuant to 15 U.S.C. § 1681(f)(1). The court must accept this as true, and is therefore fatal to Plaintiff's cause of action as a matter of law. [*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)].

Plaintiff must therefore allege whether the information disputed by Plaintiff is actually "contained in a consumer's file at a consumer reporting agency…" to whom the report is being disputed. If not, then On-Site would be exempt from complying with 15 U.S.C. § 1681i(a) because it is merely reselling an Experian credit report and

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

maintains no such information in its files. [See 15 U.S.C. § 1681i(f)(1) ("a reseller shall be exempt from the requirements of this section.")].

15 U.S.C. § 1681i(a) does not apply to resellers as a matter of law, and that the report itself expressly states on its face that the information the Complaint claims was disputed exclusively appears in Experian's report establishes that Plaintiff has failed to plead a necessary element required to state a cause of action under 15 USC § 1681i. Therefore this Court must dismiss Plaintiff's Third Cause of Action.

## C. FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Fourth Cause of Action alleges that the subject report contains bankruptcy information that is more than 10 years old and charge off accounts that are more than seven years old. [DN 1, ¶ 52]. Plaintiff's allegations are not supported by a review of the subject report and therefore Plaintiff's Fourth Cause of Action is subject to dismissal with prejudice as there are no facts Plaintiff may amend to save the cause of action.

Again, as with the review of Plaintiff's Third Cause of Action, this Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." [*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)].

By reviewing the subject Experian report, this Court will note that simple math shows that the bankruptcy information is only nine (9) years old at the time of the report, and all of the charge off lines were likewise reported within seven (7) years of the charge off.

Specifically, with regards to the bankruptcy claim, the reported bankruptcy is listed as of July, 2005. [*See* Saltz Decl., ¶ 2, **Exhibit "1"** at pg. 3]. The subject report shows that it was run on June 21, 2014. [*Id;* Complaint, ¶ 8 (Stating Jones applied for the rental property in June 2014)]. This means that the reported bankruptcy was only

nine years old at the time of the subject report. [*Id*]. As such, the subject bankruptcy was reported timely and therefore does not support Plaintiff's Fourth Cause of Action.

The same review applies to the alleged charge off that Plaintiff claims "antedated the report by more than seven years." [DN 1, ¶ 52]. The subject report lists a number of charge offs beginning on page four (4) and continuing to page six (6). [*See* Saltz Decl., ¶ 2, **Exhibit "1"** at pgs. 4-6]. The subject report shows that of the twelve reported credit accounts, only two were even opened beyond the seven year period antedating the report. [*Id*]. Of those two, listed on page six (6) of the subject report, the Chase Account shows no delinquencies and does not report any derogatory information. [*Id*]. As for the CAP ONE account, the information reported shows that while the account was opened in May 2006, the reported charge off occurred on or around April of 2008, well within seven years of the report in 2014, and allowed under 15 U.S.C. § 1681c.

Based on a simple review of the subject report, Plaintiff is unable to support his allegations of purported violations of 15 U.S.C. § 1681c, and as such, Plaintiff's Fourth Cause of Action in its entirety is factually without merit and subject to dismissal with prejudice.

## D. SEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Seventh Cause of Action claims that On-Site's report issued to Kipling contains inaccuracies in violation of Colorado Revised Statute (C.R.S.) § 12-14.3-105.3(1)(a), (d), and (e). However, any such claims are expressly preempted by Federal law and therefore Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff claims that On-Site's violation of the law in this regard is that it reported 1) "a bankruptcy case that predated the report by more than ten years" [DN 1, ¶ 67]; 2) "a chargeoff that predated the report by more than seven years" [*Id.*]; and 3)

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

1   "a criminal conviction the [SIC] predated the report by more than two decades" [*Id.*].

2   Such a claim is legally without merit.

3    First, as stated above, the bankruptcy and charge off information allegations are

4   factually incorrect and said information was reported timely.

5    Second, courts in Colorado have long since held that Colorado Revised Statute §

6   12-14.3-105.3, and all matters regulated under 15 U.S.C. § 1681c, are federally

7   preempted by the FCRA, which expressly mandates reporting time limits. [*See Simon*

8   *v. DIRECTV, Inc.*, 2010 U.S. Dist. LEXIS 35940, *8-10 (D. Colo. Mar. 19, 2010)].

9    The FCRA has an express provision concerning preemption, which

10   provides, in relevant part, that '[n]o requirement or prohibition may be

11   imposed under the laws of any State with respect to any subject matter

12   regulated under … section 1681c of [FCRA], relating to information

13   contained in consumer reports, except this subparagraph shall not apply to

14   any State law in effect on September 30, 1996.' 15 U.S.C. §

15   1681t(b)(1)(E). Thus, FCRA preempts state consumer reporting statutes

16   when (1) the subject matter of the state statute concerns matters regulated

17   under 15 U.S.C. § 1681c; and (2) the state law took effect after September

18   30, 1996. *Id.*

19   [*Id*].

20    In this case, Plaintiff's Seventh cause of action implicates three subsections of

21   C.R.S. § 12-14.3-105.3, specifically § 105.3(1)(a) having to do with reporting

22   bankruptcies, § 105.3(1)(d) relating to charge offs, and § 105.3(1)(e) relating to the

23   reporting of criminal convictions. The Colorado statute, C.R.S. § 12-14.3-105.3

24   regulates the following:

25   **(1)** Except as authorized under subsection (2) of this section, no consumer

26   reporting agency shall make any consumer report containing any of the

27   following items of information:

28

**(a)** Cases under title 11 of the United States Code, or under the federal bankruptcy act that, from the date of entry of the order for relief or the date of adjudication, predate the report by more than ten years;

…

**(d)** Accounts placed for collection or charged to profit and loss that predate the report by more than seven years; [and]

**(e)** Records of arrest, indictment, or conviction of a crime that, from the date of disposition, release, or parole, predate the report by more than seven years;

[C.R.S. § 12-14.3-105.3].

Similarly, 15 U.S.C. § 1681c prescribes that:

Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:

> **(1)** Cases under title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.
>
> …
>
> **(4)** Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.
>
> **(5)** Any other adverse item of information, **<u>other than records of convictions of crimes</u>** which antedates the report by more than seven years.

[15 U.S.C. § 1681c (emph. added)].

Upon review, the Colorado statute is nearly identical to, and "concerns matters regulated" by 15 USC § 1681c, thereby meeting the first prong of the preemption requirement pursuant to 15 USC § 1681t(b)(1)(E). The Court in *Simon v. DIRECTV,*

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1    *Inc.*, 2010 U.S. Dist. LEXIS 35940, already addressed this very issue with respect to

2    the reporting of criminal convictions under C.R.S. § 12-14.3-105.3(1)(e):

3          In his Complaint, Plaintiff alleges that Defendant violated the provision of

4          the CCCRA that prohibits consumer reporting agencies from disclosing

5          '[r]ecords of arrest, indictment, or conviction of a crime that, from the

6          date of the disposition, release or parole predate the report by more than

7          seven years.' Colo. Rev. Stat. § 12-14.3-105.3(1)(e). This provision

8          concerns the disclosure of information that is also regulated by FCRA.

9          The comparable FCRA provision prohibits the disclosure of '[c]ivil suits,

10         civil judgments, and records of arrest that, from date of entry, antedate the

11         report by more than seven years or until the governing statute of

12         limitations has expired, whichever is the longer period.' 15 U.S.C. §

13         1681c(a)(2). In addition, 'records of *convictions* of crime which antedate

14         the report by more than seven years' can be disclosed under FCRA. 15

15         U.S.C. § 1681c(a)(5) (emphasis supplied).

16         The CCCRA and FCRA provisions at issue concern the same subject

17         matter, i.e. the type of information that can be legally disclosed in

18         consumer reports. Both address the limits on the disclosure of criminal

19         arrests and convictions in consumer reports. Thus, FCRA meets the first

20         requirement for a finding of preemption, which is that the subject matter

21         of the CCCRA concerns matters regulated under the federal statute.

22   [*Simon v. DIRECTV, Inc.*, 2010 U.S. Dist. LEXIS 35940, *8-10 (D. Colo. Mar. 19,

23   2010)].

24         Furthermore, the argument for preemption also requires that:

25         Defendants must also show that the applicable CCCRA provision took

26         effect after September 30, 1996. According to the statutory provision

27         involved here, Colo. Rev. Stat. § 12-14.3-105.3 became effective in 2002,

28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

1    well after FCRA's cut-off date. Therefore Plaintiff's claims pursuant to
2    CCCRA are preempted by federal law.

3   [*Id*].

4        Therefore, as the FCRA expressly covers the same material found in C.R.S. §
5   12-14.3-105.3, and said statute became effective well past the FCRA cutoff date,
6   Plaintiff cannot make a claim with regard to any of the enumerated sections under
7   C.R.S. § 12-14.3-105.3. For this reason, this Court must dismiss Plaintiff's Seventh
8   Cause of Action as a matter of law without leave to amend.

9    **E. PLAINTIFF'S NINTH AND TENTH CAUSES OF ACTION FAILS**
10   **TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

11       Plaintiff's Ninth and Tenth Causes of Action suffer from an identical defect.
12   Plaintiff asserts that Defendant On-Site was both notified of a dispute and failed to
13   reinvestigate (C.R.S. § 12-14.3-106 – Ninth Cause of Action); and received a request
14   from Plaintiff Jones that he wished to receive his consumer file but that it was never
15   sent (C.R.S. § 12-14.3-104 – Tenth Cause of Action).

16       However, each cause of action fails to assert that that Defendant maintains any
17   files from which to reinvestigate a dispute (as required under C.R.S. § 12-14.3-106) or
18   from which to issue a consumer disclosure (as contemplated under C.R.S. § 12-14.3-
19   104).

20       C.R.S. § 12-14.3-102(6) defines a consumer "file" as "all of the information on
21   the consumer which is recorded and **retained by a consumer reporting agency**
22   regardless of how the information is stored." [C.R.S. § 12-14.3-102(6) (*emph. added*)].

23       Specifically, Plaintiff recites the statutory language of C.R.S. § 12-14.3-106 in
24   his Ninth Cause of Action to note: "(1)  If the completeness or accuracy of any item of
25   information contained **in the consumer's file** is disputed by the consumer and the
26   consumer notifies the consumer reporting agency directly of such dispute, the agency
27   shall reinvestigate the item free of charge and record the current status of the disputed
28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

1  information on or before thirty business days after the date the agency receives notice
2  conveyed by the consumer." [C.R.S. § 12-14.3-106; see also DN 1, ¶ 75].

3      Similarly, Plaintiff recites the statutory language of C.R.S. § 12-14.3-104 in his
4  Tenth Cause of Action to note that "a consumer reporting agency 'shall, upon written
5  or verbal request and proper identification of any consumer, clearly, accurately, and in
6  a manner that is understandable to the consumer, disclose to the consumer, in writing,
7  **all information in its files at the time of the request** pertaining to the consumer …."
8  [See C.R.S. § 12-14.3-104; DN 1, ¶ 84].

9      Each of these statutory allegations requires an allegation that a Consumer
10  Reporting Agency either reinvestigate its "file" or disclose its "file", that under
11  Colorado law is defined as one "which is recorded and **retained by a consumer**
12  **reporting agency**" [C.R.S. § 12-14.3-102(6)]. Plaintiff has failed to make any
13  allegation that Defendant On-Site "retain[s]" such files.

14      As stated earlier, the allegation that Plaintiff retains such files is important as the
15  consumer report at issue shows that On-Site is a reseller of information and does not
16  retain, or maintain any consumer files.

17      Express in these statutes is the requirement that the allegedly disputed
18  information be retained at the consumer reporting agency to be notified. This
19  distinction is critically important as it determines whether or not a consumer reporting
20  agency may be liable for failure to reinvestigate, or provide information regarding said
21  files.

22      As such, Plaintiff's failure to allege that Defendant On-Site records and retains
23  information on the consumer, Plaintiff Jones, is fatal to Plaintiff's allegations that
24  Defendant should be liable under both the Ninth and Tenth Causes of Action.
25  Therefore, each of these causes of action should be dismissed.

26  **3. CONCLUSION**

27      For the reasons stated above, Plaintiff's claims lack sufficient allegations
28  thereby making them unclear, are contradicted by the very report referenced

1  throughout the complaint, and preempted by Federal law. Based thereon, this Court

2  should dismiss with prejudice Plaintiff's Third, Fourth, Seventh, Ninth and Tenth

3  Causes of Action as against Defendant On-Site.

4

5

6

7  DATED: July 17, 2017          **JACOBSON RUSSELL SALTZ**
                                 **NASSIM & DE LE TORRE LLP**
8

9                               By:    /s/ Michael J. Saltz
10                                     Michael Saltz
                                       Attorneys for Defendant
11                                     ON-SITE MANAGER, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909