ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for MICHAEL JONES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JONES,<br><br>　　　　　　Jones,<br>　　　vs.<br><br>ON-SITE MANAGER, INC., a California corporation; QUALFAX, INC., a California corporation; KIPLING VILLAGE, LLC, a Colorado limited liability company,<br><br>　　　　　　Defendants. | Case No. 5:17-cv-01437-BLF<br><br>**PLAINTIFF MICHAEL JONES'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) FILED BY DEFENDANT ON-SITE MANAGER, INC.** |

## INTRODUCTION

Defendant On-Site Manger, Inc.'s ("On-Site" or "Defendant") motion to dismiss serves no purpose but to harass Michael Jones ("Jones" or "Plaintiff") and waste the Court's time. On-Site challenges two claims in the First Amended Complaint ("FAC"), the First Claim under a provision of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a), for failure to provide Jones with a copy of his consumer report in response to his request, and the Sixth Claim, under a parallel provision of the Colorado Consumer Credit Reporting Act, C.R.S. § 12-14.3-104.

On-Site has no basis for challenging either claim. The text of both statutes is clear: On-Site was required to provide Jones with all information it had on him upon request, and the failure to do so constitutes a violation of each provision. Jones requested a copy of his file from On-Site after his rental application was denied in June 2014, but On-Site refused to provide it. FAC ¶¶ 6-17. Indeed On-Site *never* provided Jones's complete file. Jones did not obtain the complete file until On-Site attached it as an exhibit to its Motion to Dismiss the original Complaint. *Id.* at ¶ 17; Dkt. No. 47-1.

Nonetheless, On-Site attempts to manufacture non-existent exceptions to the statute. While On-Site's motion is incoherent and incomprehensible, it appears to assert that On-Site did not have any information on Jones when he made his request. On-Site's lawyers seem to forget that along with the previous Motion to Dismiss they attached a copy of the "Rental Report for Michael Jones." *See* Dkt. No. 47-1. The report, prepared by On-Site, is dated June 21, 2014, and recommends that Jones's application be denied. *Id.* There is also a notation that Jones's application was rejected on June 26, 2014. *Id.* at 1. On-Site does not deny, and in fact it repeatedly acknowledges, that it was required to provide this report if requested. Mot. 4:3-6, 11-20; 6:14-17. After the rejection of his rental application on June 26, 2014, Jones did request the report. FAC ¶ 16. But he did not receive it until "months later and only after vociferous assertion of his rights." *Id.* at ¶ 17. And even then, the report was incomplete (because it did not contain the first two pages that are clearly dated June 21, 2014). *Id.* Hence On-Site's contention that it had no information on Jones when he made the request is manifestly false. On-Site's own filings in this action show that it did maintain information on Jones that it failed to provide upon request.

All in all, On-Site's motion is nothing more than gibberish and serves as no more than a placeholder to avoid having to answer the FAC. Thus the Court should deny On-Site's motion in its entirety.

## BACKGROUND

In June 2014, Jones applied to rent an apartment in Kipling Village Apartments located at 4665 Kipling St., Wheat Ridge, CO 80033 ("Kipling Village"), which is owned by Kipling Village LLC. FAC, ¶ 6. The property manager of Kipling Village, Qualfax, obtained a background report on Jones from On-Site. *Id.,* ¶ 8-9. The report purports to assemble and evaluate information from various sources and states that certain information comes "[f]rom On-site.com." On the first page of the report, On-Site states that the information in the report is "accurately copied from public records." The first page of the report also states that an applicant can obtain a free copy of the report from On-Site. *Id*., ¶¶ 9-11. This statement is repeated on On-Site's website, *id.* at ¶ 22.f ("We will provide you, free of charge, a copy of any rental report that we have created about you."), which also reassures consumers that On-Site will "investigate any information in your Rental Report that you believe is outdated or inaccurate." *Id.*

On-Site's consumer report on Jones contained numerous inaccuracies, including debts and a bankruptcy that did not belong to Jones. These inaccuracies appeared on Jones's report owing to the erroneous association of Jones with another person with a similar social security number. On-Site failed to verify the accuracy of this report before furnishing it to Qualfax and specifically failed to investigate whether the report it furnished concerned the correct individual, even though a simple reference to Jones's name, social security number, or birthdate would have uncovered the error. *Id*., ¶¶ 12-15. Based on the information contained in the background report prepared by On-Site, Qualfax denied Jones's rental application. *Id*., ¶ 15. Jones suffered significant hardship as a result of the denial of the application. *Id.,* ¶ 21.

Jones requested his file from On-Site after his rental application was denied, but On-Site claimed not to have any record of him and refused to provide a report. *Id.,* ¶ 16. Jones did not receive the report provided to Qualfax in its complete form until On-Site filed its Motion to Dismiss the original complaint. *Id*., ¶ 17; Dkt. No. 47-1. Nonetheless, Jones disputed the inaccurate

1  information in his report with On-Site.  However, On-Site failed to conduct an investigation
2  pursuant 15 U.S.C. § 1681i(a) or convey notice of his dispute to the persons from whom On-Site
3  procured the information.  On-Site did not provide Jones with a notice of the results of the
4  reinvestigation and description of the reinvestigation procedure, as specified under 15 U.S.C §
5  1681i(a)(6) and (7).  *Id.,* ¶ 18.  On-Site further failed to provide prompt notice of the disputed items
6  of information with the furnisher of that information pursuant to 15 U.S.C. § 1681i(a)(2).  *Id.*, ¶ 20.
7  This delay deprived Jones of the opportunity to review his report and challenge any inaccuracies in
8  it, which could have led Kipling Village to reconsider its denial of his rental application.  This is the
9  reason federal and state credit-reporting laws mandate disclosure of background reports upon an
10 adverse action, as occurred here.  Based on these violations, Jones filed the present action.

11 This action originally was commenced in the Central District of California, where the
12 Kipling Village defendants are located.  At On-Site's request, the action was transferred to the
13 Northern District and then transferred within the District to this Court.   On-Site then moved to
14 dismiss the Complaint, and Jones filed a First Amended Complaint.  Thereafter On-Site filed the
15 instant motion to dismiss.

16 The FAC alleges claims against On-Site under the FCRA, 15 U.S.C. §§ 1681g, 1681j(b), 15
17 U.S.C. § 1681e(b), and 15 U.S.C. § 1681i, and for violation of the Colorado Consumer Credit
18 Reporting Act (CCCRA), C.R.S. § 12-14.3-103.5, § 12-14.3-106, § 12-14.3-104.  FAC, ¶¶ 25-72.
19 Section 1681g requires every consumer reporting agency, upon request, to clearly and accurately
20 disclose to the consumer all information in the consumer's file at the time of the request, the sources
21 of the information, and the identification of each person that procured a consumer report for any
22 purpose during the 1-year period preceding the date on which the request is made, among other
23 things.  FAC, ¶ 29.

**ARGUMENT**

**A.  Legal Standard on a Motion to Dismiss**

26 "When evaluating a Rule 12(b)(6) motion, the district court must accept all material
27 allegations in the complaint as true, and construe them in the light most favorable to the non-moving
28 party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir.1994). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that '[a] pleading which sets forth a claim for relief... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Rockridge Trust v. Wells Fargo, NA*, 985 F. Supp. 2d 1110, 1113 (N.D. Cal. 2013) (quoting Fed.R.Civ.P. 8(a)). "In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes 'all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party.'" *Id.*, 985 F. Supp. 2d at 1113 (quoting *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 562 (citation omitted). "The factual allegations must be definite enough to 'raise a right to relief above the speculative level.'" *Rockridge Trust*, 985 F. Supp. 2d at 1135 (quoting *Twombly*, 550 U.S. at 555). "However, a complaint does not need detailed factual allegations to survive dismissal. [] Rather, a complaint need only include enough facts to state a claim that is 'plausible on its face.' . . . That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)' a right to relief." *Id.* (quoting *Twombly*, 550 U.S. at 545, 570).

### B. The FAC States a Claim under 15 U.S.C. section 1681g.

Section 1681g(a) of the FCRA provides in pertinent part as follows:
"Every consumer reporting agency shall, upon request, and subject to 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . . . (2) The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually use for no other purpose need not be disclosed . . . . (3) (A) Identification of each person (including each end-user identified under section 607(e)(1) [§ 1681e]) that procured a consumer report (i) for employment purposes, during the 2-year period preceding the date on which the request is made; or (ii) for any other purpose, during the 1-year period preceding the date on which the request is made . . . ."

*See also Cortez v. Trans Union, LLC*, 617 F. 3d 688, 711 (3d Cir. 2010); *Guimond v. Trans Union Credit Information Co*., 45 F. 3d 1329, 1334 (9th Cir. 1995) ("Under 15 U.S.C. § 1681i(a), if there is no source for the disputed information in the consumer credit agency's files, the agency is required to either investigate the dispute or delete the unsupported information. If a consumer credit agency can satisfy the requirements of § 1681g merely by claiming ignorance, the entire provision would be rendered a nullity.").

This provision clearly requires a consumer reporting agency to provide a copy of the entire file it maintains on a consumer when the consumer requests it. A failure to do so is a violation of the statute.

The FCRA defines "file" when used in connection with information on any consumer as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g)." *See Cortez v. Trans Union, LLC*, 617 F. 3d 688, 711 (3d Cir. 2010) ("We do not believe that Congress intended to allow credit reporting companies to escape the disclosure requirement in § 1681a(g) by simply contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer's file and is included in a credit report."). "Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report . . . . '[F]ile' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer.'" *Id.* at 711-12 (quoting *Gillespie v. Trans Union Corp*., 482 F.3d 907, 909 (7th Cir. 2007)). Fed. Trade Comm'n., *40 Years of Experience with the Fair Credit Reporting Act* ("FTC Staff Report"), July 2011, p. 71[1] ("A CRA is required to make the consumer disclosure regardless of whether it designates its records as 'files' or 'archives' or uses any other terminology for the information it retains on a consumer.").

---

[1] Available at http://www.ftc.gov/sites/default/files/documents/reports/40–years–experience–fair–credit–reporting–act–ftc–staff–report–summary–interpretations/110720fcrareport.pdf (last accessed Jun. 26, 2016).

1    Thus, when a consumer requests a report from a CRA, the CRA must provide all the
2 information it has on that consumer regardless of how that information is retained. And it must do
3 so promptly after the consumer makes the request—not "months" later. FAC ¶ 17.
4    Although claiming to be a "reseller," On-Site repeatedly acknowledges its disclosure
5 obligations. *See* Mot. 4:3-6, 11-20; 6:14-17. Indeed its website promises compliance with the
6 FCRA's disclosure requirement.[2] *See* FAC ¶ 22.f ("We will provide you, free of charge, a copy of
7 any rental report that we have created about you. You can request a copy of your rental report
8 here."). Nevertheless On-Site flouted its obligations by failing to provide Jones with his consumer
9 report. *Id.* at ¶¶ 16, 17.
10    There is nothing in the statute suggesting that a claim under 1681g(a) requires Jones to
11 specify the exact date on which he made his request or to identify the information that On-Site had
12 in its records when Jones made his request, as On-Site demands. *See* Mot. at 5:17-19 (faulting the
13 FAC because "it specifically fails to allege what information was in On-Site's files")).
14    On-Site cites no case law whatsoever to support its assertion that when alleging a claim
15 under section 1681(g) a specific date that the report was requested must be alleged. Rule 8(a)(2) of

---

[2] Contrary to On-Site's representations, Jones merely alleges in the alternative that even if On-Site were a reseller it would still be liable under the FCRA. *See* FAC ¶¶ 46-51 ("If On-Site was a reseller of information, then it failed to comply with [its reseller obligations] under section 1681i(f)."). The On-Site report previously filed herein, *see* Dkt. No. 47-1, shows that On-Site itself is the source of certain information, *see* FAC at ¶ 9, which suggests that it maintains files on consumers. *See Poore v. Sterling Testing Systems, Inc.*, 410 F. Supp. 2d 557, 568-69 (E.D.Ky. 2006) ("Sterling argues that, since it purchased the disputed portion of the report from USIS and then resold it to Colgate, it is simply a reseller of the disputed portion and, thus, is not responsible for its contents. The Court has been unable to locate any authority for the proposition that an entity can be deemed a "reseller" with regard to a portion of a consumer report that it produces to a third party and a CRA with regard to other portions of the report . . . . Sterling ultimately produced a report to Colgate on its letterhead containing not only the criminal record history at issue, but also results of an interview with Dewey Tomlison, Poore's former supervisor . . . . Under these circumstances, Sterling cannot be viewed as a 'reseller' of the consumer report on Poore."; finding report was an "investigative consumer report").

   Moreover, as On-Site expressly acknowledges, resellers, like all CRAs, have an obligation under section 1681g to disclose information in their possession to consumers who make file requests. *See* Mot. 4:3-6, 11-20; 6:14-17. To argue that On-Site prepared a report on Jones and immediately purged it such that it had no information in its files on him when he made his request strains credulity—especially since On-Site previously filed what appears to be Jones's consumer report. *See* Dkt. No. 47-1.

1   the Federal Rules of Civil Procedure simply requires "a short and plain statement of the claim
2   showing that the pleader is entitled to relief." The FAC satisfies that standard by alleging that
3   Qualfax relied on the report to deny Jones's rental application. FAC ¶ 15. The report adduced by
4   On-Site is dated June 21, 2014. *See* Dkt. No. 47-1. The report states that Jones's rental application
5   was denied on June 26, 2014. *Id.* The fact that Jones did not receive his consumer report until
6   "months" after this denial, *see* FAC ¶ 17, establishes his claim for relief under section 1681g. The
7   exact date is not necessary to satisfy Rule 8(a)'s notice pleading requirement.

8       Moreover, Jones would have no reason to know the details contained in his report before
9   On-Site provided it. The entire purpose of section 1681g is to give consumers the right to review
10  their files for inaccuracies and take corrective action.

11      Finally, On-Site obviously maintains records of Jones's reports, showing the contents of
12  those reports and the precise dates they were prepared. Upon information and belief, On-Site also
13  maintains call logs showing the dates Jones requested his file. Thus, to the extent On-Site needs the
14  exact date of the request to ascertain whether it produced a file to Jones or what that file contained,
15  it need only consult its own records. *See*, *e.g.*, *Perez-Falcon v. Synagro West, LLC*, No. 1:11-CV-
16  01645-AWI, 2011 WL 6752533, at *3 (E.D. Cal., Dec. 23, 2011) (holding that notice pleading
17  requirement was satisfied where information was "presumably in Defendant's possession and
18  readily available to defense counsel."). In any event, as this is a motion to dismiss, such evidence
19  is premature, and any assertions by On-Site in this regard cannot be determined at this stage.

20      **C.**   **The FAC States a Claim under C.R.S. § 12-14.3-104.**

21  C.R.S. § 12-14.3-104 provides in pertinent part as follows:
22  "A consumer reporting agency shall, upon written or verbal request and proper identification of any consumer, clearly, accurately, and in a manner that is understandable to the consumer,
23  disclose to the consumer, in writing, all information in its files at the time of the request pertaining to the consumer, including but not limited to:
24  "(a) The names of all persons requesting credit information pertaining to the consumer during the prior twelve-month period and the date of each request;
25  "(b) A set of instructions, presented in a manner that is understandable to the consumer, describing how information is presented on its written disclosure of the file; and
26  "(c) A toll-free number for use in resolving the dispute if the consumer submitted a written dispute to the consumer reporting agency, which operates on a nationwide basis."
27
28

1  The statute is crystal clear: if a consumer makes a request, the CRA must turn over its entire file on
2  the consumer in response. On-Site failed to make the required disclosure to Jones upon request.
3  *Id*., ¶ 70. Hence it violated the Colorado statute.
4  Once again, On-Site does not cite any authority for its contention that a plaintiff cannot bring
5  a cause of action under section 12-14.3-104 unless he specifies the exact date on which the request
6  was made. Here Jones specified that the request occurred after the denial of his rental application,
7  which documents filed by On-Site shows occurred on June 26, 2014, and that he did not receive the
8  report until months later, and even then the report was incomplete. FAC ¶ 17. Given these alleged
9  facts, On-Site's liability does not turn on the precise date of Jones's request. Because section 12-
10  14.3-104 requires a CRA to provide the consumer's file "upon request," in no way does waiting
11  months before sending Jones his report evidence compliance with the statute.
12  Finally, evidence of when the request was made is a matter for discovery and not a motion
13  to dismiss. Upon information and belief, On-Site maintains business records of telephone calls from
14  consumers that might specify the precise date Jones made his request.

### D. In the Alternative, Leave to Amend Should Be Granted.

Should the Court find the FAC deficient, Jones requests that he be given leave to file an amended complaint to cure any defects. Leave to amend should be "freely given" when the plaintiff could cure the pleading defects and present viable claims. Fed. R. Civ. P. 15 (a). If need be, Jones should be granted leave to amend because he can allege additional facts sufficient to state each cause of action included in the FAC.

### CONCLUSION

For the foregoing reasons, Jones respectfully requests that On-Site's motion to dismiss be denied in its entirety.

DATED: August 28, 2017        Respectfully submitted,

By: */s/ Justin Kachadoorian*
Anthony J. Orshansky
Alexandria R. Kachadoorian
Justin Kachadoorian
Attorneys for Jones Michael Jones