# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JONES,<br><br>    Plaintiff,<br><br>v.<br><br>ON-SITE MANAGER, INC,<br><br>    Defendant. | Case No. 17-cv-01437-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

Before the Court are two motions filed by Defendant On-Site Manager, Inc. ("On-Site") in this case involving alleged violations of the Fair Credit Reporting Act ("FCRA") and the Colorado Consumer Credit Reporting Act ("CCCRA"). On-Site has filed a motion to dismiss the First and Sixth causes of action in the First Amended Complaint ("FAC") filed by Plaintiff Michael Jones ("Jones"). *See* ECF 50. On-Site also moves the Court for an award of attorney's fees. *See* ECF 53.

The Court heard oral argument on these motions on November 2, 2017. For the reasons set forth below, as well as those stated on the record at the hearing, On-Site's motion to dismiss is GRANTED WITH LEAVE TO AMEND. The motion for attorney's fees is DENIED.

## I. MOTION TO DISMISS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

(internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On-Site moves to dismiss the First and Sixth causes of action in the FAC on the grounds that Jones fails to allege that On-Site maintained any of the information requested by Jones in Jones' file "at the time of the request." *See* ECF 50. The Court agrees that the relevant standards under the FCRA and its Colorado counterpart are identical in this respect. The FCRA states in relevant part that "[e]very consumer reporting agency shall, upon request…clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). Similarly, the CCCRA states that a consumer reporting agency "shall, upon written or verbal request and proper identification of any consumer, clearly, accurately, and in a manner that is understandable to the consumer, disclose to the consumer, in writing, all information in its files at the time of the request pertaining to the consumer." C.R.S. § 12-14.3-104.

As On-Site points out, the FAC alleges only that "Jones requested his file from On-Site after his rental application was denied, but On-Site claimed not to have any record of him and refused to provide a report." FAC ¶ 16. The Court agrees that Jones' factual pleading with respect to the First and Sixth causes of action in the FAC are deficient. On-Site is only liable to the extent that Jones alleges that On-Site actually had information in the consumer's file at the time of the request. Although Jones' arguments imply that On-Site had information on him in his file when he requested the file from them, such allegations are absent from the pleading.

Despite this defect, leave to amend should be "freely given when justice so requires." *See* Federal Rule of Civil Procedure 15(a). Jones may therefore amend the complaint **on or before November 16, 2017,** in order to allege that On-Site maintained information on Jones in his file "at the time of the request."

In addition, On-Site argues that the FCRA and CCCRA do not require any credit reporting

2

1 agency to record, retain, or maintain any consumer information (with the exception of inquiry information) dating back more than one year before the request is made. *See* 15 U.S.C. § 1681g(a)(3). Therefore, On-Site argues that Jones must affirmatively plead *when* he made his request to On-Site. The Court finds the allegations in the FAC to be sufficiently pled in this respect. Whether On-Site has a statute of limitations defense to Jones' inquiry can be developed through initial disclosures and discovery, and On-Site may choose to raise this defense in a motion for summary judgment. At the motion to dismiss stage, the Court accepts the well-pled facts of the FAC as true and does not require Jones to amend in order to allege the date that he made his request.

For the foregoing reasons, as well as those stated on the record at the hearing, On-Site's motion to dismiss the First and Sixth Causes of action in the FAC is GRANTED WITH LEAVE TO AMEND in order to allege that On-Site had information in Jones' file *at the time of his request*. Any amended complaint addressing this deficiency shall be filed **on or before November 16, 2017.**

## II.     MOTION FOR ATTORNEY'S FEES

On-Site also moves the Court for an order of attorney's fees pursuant to 15 U.S.C §§ 1681n, 1681o, and 28 U.S.C. § 1927. *See* ECF 53. On-Site primarily argues that Jones brought allegations in the original complaint in this case that were "legally and factually without merit." ECF 53 at 1. Jones has since amended the complaint, but On-Site requests attorney's fees resulting from Jones' "bad faith."

Under the FCRA, the prevailing party in an action may recover reasonable attorney's fees if certain conduct is shown. The statute provides that "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the *prevailing party* attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. § 1681n(c); § 1681o(b) (emphasis added).

On-Site cites the correct legal standard but mischaracterizes itself as the prevailing party. There can only be one prevailing party in an action under the FCRA, and On-Site has not yet

3

prevailed. Indeed, the case is at an early stage, with at least four claims adequately pled that will move beyond the motion to dismiss stage. On-Site's motion for fees is premature and unsupported.

On-Site's motion pursuant to 28 U.S.C. § 1927 is foreclosed by Ninth Circuit law. Sanctions under § 1927 would not be appropriate because they are not applicable to an initial pleading. The Ninth Circuit has explicitly held that this section authorizes sanctions only for the "multipli[cation of] proceedings," so it applies only to unnecessary filings and tactics once a lawsuit has begun, and not to an initial pleading. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (stating that "[w]e have twice expressly held that § 1927 cannot be applied to an initial pleading"); *Best Odds Corp. v. iBus Media Ltd.*, 657 Fed.Appx. 641, 642 (9th Cir. 2016) (same).

Even if this Court were to apply § 1927, sanctions would still not be warranted because On-Site has not made an adequate showing of bad faith, which is a required factor for an award of fees under § 1927. For these reasons, as well as those stated on the record at the hearing, On-Site's motion for attorney's fees is DENIED.

### III. ORDER

For the reasons discussed above and on the record at the November 2, 2017 hearing,

(1) The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to the First and Sixth Causes of Action in the FAC;

(2) Leave to amend is limited to the deficiency identified in this Order. No parties or claims may be added without express leave of the Court. Any amended pleading shall be filed **on or before November 16, 2017.**

(3) On-Site's motion for attorney's fees is DENIED.

Dated: November 2, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4