ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Attorneys for Plaintiff MICHAEL JONES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>ON-SITE MANAGER, INC., a California corporation,<br><br>    Defendant. | Case No. 5:17-cv-01437-BLF<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Michael Jones (hereinafter, "Plaintiff" or "Jones") complains of Defendant On-Site Manager, Inc., a California corporation ("On-site" or "Defendant"), as follows:

## NATURE OF ACTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction over the transactionally related state law claims under 28 USC § 1367(a).

3. Pursuant to L.R. 3-2 venue is proper in this division because Defendant is headquartered in Campbell, which is in Santa Clara County, and consequently a substantial part of the events or omissions that give rise to the claim occurred here.

## PARTIES

4. At all times mentioned herein On-Site is consumer reporting agency ("CRA") with a principal place of business located at 307 Orchard City Drive, Suite 110, Campbell, California 95008.

5. At all times mentioned herein Plaintiff was and is a resident of the State of Colorado.

## FACTUAL BACKGROUND

6. In June 2014, Jones applied to rent an apartment Kipling Village Apartments located at 4665 Kipling St., Wheat Ridge, CO 80033 ("Kipling Village"), which is owned by Kipling Village LLC, a Colorado limited liability company ("Kipling").

7. At all times mentioned herein Kipling Village was managed by Qualfax, Inc. ("Qualfax"), a California corporation.

///

---

1

SECOND AMENDED COMPLAINT AND JURY DEMAND

8. As part of the application process, Qualfax requested a consumer report on Jones and members of his family.

9. On-Site provided a consumer report to Qualfax on Jones.  The report purports to assemble and evaluate information from various sources and states that certain information comes "[f]rom On-site.com."

10. On the first page of the report, On-Site states that the information in the report is "accurately copied from public records."

11. The first page of the report also states that an applicant can obtain a free copy of the report from On-Site.

12. On-Site's consumer report on Jones contained numerous inaccuracies, including debts and a bankruptcy that did not belong to Jones.

13. These inaccuracies appeared on Jones's report owing to the erroneous association of Jones with another person with a similar social security number named Michael A. Pitts, Mike Pitts, or Michael A. Pills, which names appear on the first page of On-Site's consumer report on Jones.

14. On-Site failed to verify the accuracy of this report before furnishing it to Qualfax and specifically failed to investigate whether Michael A. Pitts, Mike Pitts, or Michael A. Pills were aliases of Jones or, as was the case, entirely different persons, even though a simple reference to Jones's social security number or birthdate would have uncovered the error.

15. As a result of the foregoing inaccuracies, Qualfax denied Jones's application.

16. After Jones's rental application was denied, Jones requested that On-Site provide him with the information that it maintained on him in his file.  Upon information and belief, On-Site maintained information on Jones in his file at the time of this request, but did On-Site did not provide Jones with a copy of this information upon request.

///

SECOND AMENDED COMPLAINT AND JURY DEMAND

17. Jones did not receive the report until months later and only after vociferous assertion of his rights.  Indeed he did not receive a copy of the report provided to Qualfax in its complete form until Defendant filed its Motion to Dismiss in this action and attached the report to its counsel's declaration.

18. To make matters worse, after Jones notified On-Site that inaccurate information was contained in his report, On-Site failed to conduct an investigation pursuant 15 U.S.C. § 1681i(a) or convey notice of his dispute to the persons from whom On-Site procured the information.

19. Upon information and belief, On-Site also failed implement reasonable procedures to prevent the reappearance of inaccurate information contained in Jones's report or provide Jones with a notice of the results of the reinvestigation and description of the reinvestigation procedure, as specified under 15 U.S.C § 1681i(a)(6) and (7).

20. Upon information and belief, On-Site failed to provide prompt notice of the disputed items of information with the furnisher of that information pursuant to 15 U.S.C. § 1681i(a)(2).

21. As a result of the denial of his rental application, Jones has suffered damages, including emotional distress.  Jones and his family were homeless as a result of Defendant's rejection of his application, and this situation created an added strain on Jones, who had just begun treatment for hepatitis C.

22. Defendant's misconduct, as alleged herein, was willful and/or reckless in that Defendants knew or reasonably should have known that their conduct violated the law because of the following facts, among others:

    a.    Defendant is a consumer reporting agency whose primary business is the sale of consumer reports;

    b.    The FCRA was enacted in 1970; Defendant had had more than 40 years to become compliant but failed to do so;

    c.    Defendant's conduct is inconsistent with longstanding FTC guidance

3

SECOND AMENDED COMPLAINT AND JURY DEMAND

and reports and judicial opinions that pre-dated Defendant's conduct, as well as the plain language of the statute;

    d.   Upon information and belief, Defendant has dedicated in-house and outside counsel with knowledge of FCRA requirements; and

    e.   On-Site has been involved in several other lawsuits over FCRA compliance addressing similar issues to those raised in this Complaint but continues to violate the law.

    f.   On-Site's website also makes numerous references to the FCRA evidencing its knowledge of its legal requirements and includes the following discussion:[1]

**"Privacy**

"The Fair Credit Reporting Act, or FCRA, regulates how On-Site handles your information. Under FCRA, we are a consumer reporting agency and subject to its requirements. We're committed to safeguarding your privacy, and we fully comply with FCRA. That means we do many things to protect your rights as a consumer. Here are a few of the most important ones:

- "We validate the identity of all users of our system before granting access to make sure they have a legal right to see the information about you.
- "We require all users of our system to certify to us that you have given them clear permission to review your background, employment, income and other data. In FCRA terms, this reason is called a permissible purpose.
- "We will provide you, free of charge, a copy of any rental report that we have created about you. You can request a copy of your rental report here.
- "We will investigate any information contained in your Rental Report that you believe is outdated or inaccurate. You can request an investigation by requesting a copy of your Rental Report, which we can deliver through our secure, online portal. You will find instructions for how to submit disputes, and you may then send in any supporting documentation from there."

---

[1] *See* www.on-site.com/renter-relations/ (last accessed March 13, 2016) (stating "You're Protected by Law – The same laws that govern access to your credit information also govern how we handle your information at On-Site.  That means many controls are in place, by law, to protect your privacy. The law is known as the Fair Credit Reporting Act, or FCRA.").

SECOND AMENDED COMPLAINT AND JURY DEMAND

23. Despite these promises, On-Site flouted its obligations under the FCRA, as alleged herein.[2]

24. Upon information and belief, On-Site maintains files on consumers because it assembles and evaluates information relating to them (some of which comes from On-Site's own databases), compiles that information into reports, and retains those reports in its records.  As described above, On-Site promises to make copies of its file available to consumers free of charge upon request and investigate information that consumers contend is "outdated or inaccurate."

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. §§ 1681g and 1681j(b)

### *(Brought against On-Site)*

25. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

26. At all relevant times herein, On-Site was a "person" and "consumer reporting agency," as those terms are defined by 15 U.S.C. § 1681a(b) and (f).  On-Site, for monetary fees, regularly engages in the practice of assembling and evaluating consumer credit information and other information on Jones and other consumers for the purpose of furnishing consumer reports to third such as Qualfax, and uses means of facilities in interstate commerce (e.g., mail, email) for the purpose of preparing or furnishing the reports.

27. At all relevant times herein, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681a(c).

28. At all relevant times here, the above-mentioned report was a "consumer report," as that term is defined by 15 U.S.C. § 1681a(d).

///

---

[2] Given these facts alleged herein, as well as Qualfax and Kipling's ignorance of their requirements under the FCRA, it is unlikely that On-Site provided Qualfax and Kipling with notice of their obligations as required under 15 U.S.C. § 1681e(d).  Plaintiff will seek leave to amend an additional cause of action for violation of this section if appropriate after conducting discovery.

SECOND AMENDED COMPLAINT AND JURY DEMAND

29. Section 1681g requires every consumer reporting agency, upon request, to clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request, the sources of the information, and the identification of each person that procured a consumer report for any purpose during the 1-year period preceding the date on which the request is made, among other things.

30. Section 1781j(b) requires every consumer reporting agency that maintains a file on a consumer to make all disclosures pursuant to section 1681g without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 1681m (requiring the provision of adverse action notices), the consumer makes a request under section 1681g.

31. As alleged above, On-Site violated sections 1681g and 1681j(b) by failing to disclose to Jones all information in his file at the time of his request.

32. Pursuant to 15 U.S.C. §§ 1681n and 1681o, On-Site is liable to Plaintiff for willfully and negligently failing to comply with the FCRA, as alleged hereinabove.

33. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. § 1681e(b)

### *(Brought against On-Site)*

34. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

35. Section 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information

SECOND AMENDED COMPLAINT AND JURY DEMAND

concerning the individual about whom the report relate.

36. On-Site violated section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information about Jones.

37. As alleged above, On-Site's consumer report on Jones was inaccurate; moreover, its inaccuracies would not have appeared had On-Site followed simple procedures to verify whether all information in the consumer report actually pertained to Jones or, as was the case, someone else with a similar name and social security number.

38. Pursuant to 15 U.S.C. §§ 1681n and 1681o, On-Site is liable to Plaintiff for willfully and negligently failing to comply with the FCRA, as alleged hereinabove.

39. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT,

### 15 U.S.C. § 1681i

#### *(Brought against On-Site)*

40. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

41. Section 1681i(a) states that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item

SECOND AMENDED COMPLAINT AND JURY DEMAND

from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

42. Pursuant to section 1681i(a)(2), the consumer reporting agency must also provide notice of the dispute to the furnisher of the disputed information within five business days beginning on the date on which the consumer reporting agency receives notice of the dispute from the consumer.

43. Furthermore, section 1681i(a)(6) and (7) require consumer reporting agencies who have been notified by the consumer of a dispute to provide written notice to the consumer of the result of the reinvestigation not later than five business days after the completion of the reinvestigation, along with a description of the reinvestigation procedure if so requested by the consumer.

44. If the consumer reporting agency discovers, as the result of its investigation, that the consumer report contains inaccurate information, it must delete the item from the consumer report and provide notice to the furnisher of the information, as required under section 1681i(a)(5).

45. On-Site violated the foregoing provisions because although Jones notified On-Site that he disputed items of information in his consumer report, On-Site failed to reinvestigate the disputed information; rather, Jones eventually had to dispute the information directly with the furnisher.

46. To the extent that On-Site purports to be merely a reseller of information under section 1681a(u), *see* Mot. to Dismiss (Dkt. No. 47) at p. 4, then On-Site violated section 1681i(f)(2), which requires resellers to take certain actions when a consumer disputes an item of information in the report prepared by the reseller.

47. Specifically, after being apprised of a dispute, the reseller must, within five days of receiving notice of the dispute, determine whether the information is incomplete or inaccurate as a result of an act or omission of the reseller.  15 U.S.C. § 1681i(f)(2)(A).

SECOND AMENDED COMPLAINT AND JURY DEMAND

48. If the reseller determines it is responsible, then it must correct the information or delete it within 20 days of receiving notice of the dispute.  15 U.S.C. § 1681i(f)(2)(B)(i).

49. If the reseller determines that it is not responsible for incomplete or inaccurate information, then it must convey notice of the dispute, together with all relevant information provided by the consumer, to each CRA that provided the reseller with the information.  15 U.S.C. § 1681i(f)(2)(B)(i)(ii).

50. After the CRA completes its reinvestigation pursuant to section 1681i(a), discussed above, the CRA must convey notice of the results of its investigation to the consumer through the reseller.  15 U.S.C. § 1681i(f)(3).

51. If On-Site was a reseller of information, then it failed to comply with these obligations under section 1681i(f) because it did not convey Jones's notice of his dispute to any CRA from which it obtained information, nor did it provide Jones with a notice from the CRA of the results of its reinvestigation.

52. Rather, Jones ultimately had to dispute information in his report directly with the third party that upon information and belief provided the information to On-Site.  (Jones eventually obtained a copy of his report months after Kipling rejected his rental application.)

53. Pursuant to 15 U.S.C. §§ 1681n and 1681o, On-Site is liable to Plaintiff for willfully and negligently failing to comply with the FCRA, as alleged hereinabove.

54. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

///

///

SECOND AMENDED COMPLAINT AND JURY DEMAND

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE COLORADO CONSUMER CREDIT REPORTING ACT (CCCRA), C.R.S. § 12-14.3-103.5**

***(Brought against On-Site)***

55. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

56. C.R.S. § 12-14.3-103.5 provides, "Whenever a consumer reporting agency prepares a consumer report, the agency shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer about whom the report relates, including the use of the consumer's social security number if, in accordance with section 12-14.3-103(1)(c)(I), the consumer's social security number is provided to the consumer reporting agency by a person intending to use the information contained in a consumer report in connection with a credit transaction involving the consumer and the social security number was initially provided to the user by the consumer in connection with such transaction."

57. Plaintiff provided Qualfax and/or Kipling with his social security number, but as alleged above, On-Site failed to follow reasonable procedures to assure the maximum possible accuracy of information about Plaintiff.  In particular, On-Site failed to give the report it prepared even a cursory review before providing it to Qualfax/Kipling.  If it had, it would have seen that the report listed someone other than Plaintiff who had a similar but different social security number and a different birth date.

58. On-Site acted willfully or negligently pursuant to C.R.S. § 12-14.3-108 in failing to comply with the CCCRA, as alleged hereinabove.

59. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, including treble

damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE COLORADO CONSUMER CREDIT REPORTING ACT (CCCRA), C.R.S. § 12-14.3-106

*(Brought against On-Site)*

60. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

61. C.R.S. § 12-14.3-106 provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, the agency shall reinvestigate the item free of charge and record the current status of the disputed information on or before thirty business days after the date the agency receives notice conveyed by the consumer.

62. Pursuant to section C.R.S. § 12-14.3-106(2), the consumer reporting agency must provide notice of the dispute to all persons who provided any item of information in dispute.

63. Furthermore, C.R.S. § 12-14.3-106(6) require consumer reporting agencies to provide written notice of the results of any reinvestigation or reinsertion within five business days of the completion of the reinvestigation or reinsertion and include the information required under subdivisions (a)-(f) of paragraph (6).

64. If the consumer reporting agency discovers, as the result of its reinvestigation, that the consumer report contains inaccurate information, it must delete the item from the consumer report and provide the consumer, and, at the request of the consumer, any person that, within the last twelve months, requested the disputed information with a revised consumer report indicating that it is a revised consumer report, and refrain from reporting the information in subsequent reports, as provided under C.R.S. § 12-14.3-106(4).

SECOND AMENDED COMPLAINT AND JURY DEMAND

65. On-Site violated the foregoing provisions because although Jones notified On-Site that he disputed items of information in his consumer report, On-Site failed to reinvestigate the disputed information; rather, Jones eventually had to dispute the information directly with the person who provided the items of information in dispute.

66. On-Site acted willfully or negligently pursuant to C.R.S. § 12-14.3-108 in failing to comply with the CCCRA, as alleged hereinabove.

67. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, including treble damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE COLORADO CONSUMER CREDIT REPORTING ACT (CCCRA), C.R.S. § 12-14.3-104

#### *(Brought against On-Site)*

68. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

69. C.R.S. § 12-14.3-104 provides that a consumer reporting agency "shall, upon written or verbal request and proper identification of any consumer, clearly, accurately, and in a manner that is understandable to the consumer, disclose to the consumer, in writing, all information in its files at the time of the request pertaining to the consumer, including but not limited to:

"(a) The names of all persons requesting credit information pertaining to the consumer during the prior twelve-month period and the date of each request;

"(b) A set of instructions, presented in a manner that is understandable to the consumer, describing how information is presented on its written

SECOND AMENDED COMPLAINT AND JURY DEMAND

disclosure of the file; and

"(c) A toll-free number for use in resolving the dispute if the consumer submitted a written dispute to the consumer reporting agency, which operates on a nationwide basis."

70. As alleged above, On-Site violated sections C.R.S. § 12-14.3-104 by failing to disclose to Jones, in writing, all information in its files at the time of the request pertaining to the Jones.

71. On-Site acted willfully or negligently pursuant to C.R.S. § 12-14.3-108 in failing to comply with the CCCRA, as alleged hereinabove.

72. The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, On-Site is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, including treble damages, along with attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in his favor and damages against Defendant based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Treble damages;

(d)   Punitive damages;

(e)   Costs and reasonable attorneys' fees;

(f)   Pre- and post-judgment interest; and

(g)   Such other and further relief as may be necessary, just, and proper.

SECOND AMENDED COMPLAINT AND JURY DEMAND

1

## <u>JURY DEMAND</u>

2

Plaintiff hereby demands a jury trial on all issues so triable.

3

4
DATED:        November 16, 2017                    COUNSELONE, PC

5

6
                                                  By */s/ Justin Kachadoorian*

7
                                                  Anthony J. Orshansky
                                                  Alexandria R. Kachadoorian

8
                                                  Justin Kachadoorian

9
                                                  *Attorneys for Plaintiff Michael
                                                  Jones*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

14

SECOND AMENDED COMPLAINT AND JURY DEMAND